IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD DeBLOIS                    *

                v.        *  CIVIL ACTION NO. CCB-11-488

WARDEN, et al.,                    *

## MEMORANDUM

On February 22, 2011, Richard DeBlois, a Maryland prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondents have filed a limited answer to the petition (ECF No. 12), making this case ready for dispositive review. After examining these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the petition will be denied without prejudice as unexhausted.

## Procedural History

DeBlois pleaded guilty on March 17, 2008, in the Circuit Court for Baltimore County to one count of first-degree assault, and was sentenced to twenty-five years incarceration. ECF No. 12, Exs. 1 & 2. His application for leave to appeal the entry of the plea was summarily denied by the Court of Special Appeals of Maryland on March 22, 2010, with the court's mandate issuing on April 22, 2010. *Id.*

While the application for leave to appeal was pending, DeBlois filed a petition for post-conviction relief in the circuit court. A hearing was held on December 14, 2009, and DeBlois was granted the right to file a belated motion for reconsideration of sentence, but otherwise denied relief. *Id.* DeBlois did not file an application for leave to appeal within thirty days of the

---

[1] DeBlois' motion for leave to proceed in form pauperis (ECF No. 1) shall be granted.

filing of the post-conviction decision, but later sought to reopen post-conviction proceedings for the purpose of re-dating and re-docketing the order so that an application for leave to appeal could be filed. *Id*. The order was granted on May 28, 2010, *id*., and an application for leave to appeal the adverse rulings of the post-conviction court, filed on June 11, 2010, in the Court of Special Appeals of Maryland, remains pending. *Id.* Petitioner also filed a motion to correct illegal sentence and motion for new trial, which were denied by the Circuit Court. His appeal of the denial of those motions remains pending in the Court of Special Appeals.[2] *Id*., Ex. 1 & 2.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Ann. Code Art. 27, § 645I (1996 Repl. Vol.). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202 (1995 Repl. Vol.). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981). DeBlois has not completed post-conviction review through the appellate level, and his petition here shall be dismissed without prejudice as unexhausted, to

---

[2] Respondents have not provided a copy of these appeals but state that personnel in the Clerk's Office of the Court of Special Appeals indicate the matter is docketed as No. 2431 of the 2010 Term.

allow him to refile this case after completion of state remedies.3

DeBlois is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[4]  Should he wish to refile this petition once he has exhausted his available state court remedies, DeBlois should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c) (1).  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2).  When a district court dismisses a habeas petition solely on procedural grounds, a

---

[3] Petitioner's previously filed habeas petition also was dismissed for failure to exhaust state court remedies. *See Deblois v. Hershberger*, Civil Action No. CCB 10-1156 (D. Md. 2010).

[4] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The court will not issue a COA because Petitioner has not made the requisite showing.5

      A separate order follows.


September 23, 2011                                        /s/
Date                                              Catherine C. Blake
                                                United States District Judge

---

5 Denial of a certificate of appealability by this court does not prevent Deblois from seeking a certificate of appealability from the Fourth Circuit.